# Order

Michigan Supreme Court
Lansing, Michigan

November 7, 2014

149219

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

JOHN ANDREW BEEMER,
        Defendant-Appellant.

_____/

SC:  149219
COA:  313602
Saginaw CC:  11-036498-FH

On order of the Court, the application for leave to appeal the March 11, 2014 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).  I respectfully dissent and would reverse.  Defendant struck another vehicle while intoxicated, and the occupant of the other vehicle suffered a fracture to his wrist.  On this basis, defendant was convicted of "operating while intoxicated causing serious impairment of a body function of another person."  MCL 257.625(5).  The Michigan Vehicle Code provides that " '[s]erious impairment of a body function' includes" the "[l]oss of a limb or loss of use of a limb," the "[l]oss of a foot, hand, finger, or thumb or loss of use of a foot, hand, finger, or thumb," the "[l]oss or substantial impairment of a bodily function," or a "skull fracture or other serious bone fracture."  MCL 257.58c(a), (b), (d), and (h).  The same term appears, and has been defined, in the no-fault act.  MCL 500.3135(5) (" '[S]erious impairment of body function' means an objectively manifested impairment of an important body function that affects the person's general ability to lead his or her normal life.").

Although "serious impairment of a body function" has not been defined in the vehicle code in a manner exactly equivalent to the definition in the no-fault act, this Court should nonetheless seek to interpret that term with some degree of consistency in its separate contexts, at least to the point of making clear that the Legislature intended in both places to communicate that an impairment must be of a particularly *serious* character.  Here, the victim missed a single day of work and was cleared to resume

participating in ice hockey shortly after his cast was removed following three months of intermittently wearing it. Moreover, medical testimony indicated that the victim retained good strength, extension, and flexion in his fingers after the fracture and that the injury was of the sort that heals well. I do not believe that the instant injury can reasonably be characterized as involving the "serious impairment of a body function," particularly in light of interpretations that have been given to this term in the no-fault context. See, e.g., *McCormick v Carrier*, 487 Mich 180 (2010), overruling *Kreiner v Fischer*, 471 Mich 109 (2004). Defendant should be held to full account for his impaired driving and for the injuries he caused, but in my judgment, his criminal conduct was not aggravated by the infliction of a "serious impairment of a body function."



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 7, 2014



Clerk

h1104